# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Carmen Lynn P., | Case No. 2:26-cv-01698-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 1] |
| Frank Bisignano, | |
| Defendant(s). | |

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefore, by a person who has shown an inability to pay them. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014), *adopted*, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Although a person's earnings as compared to the poverty line is not the deciding factor on an IFP application, the comparison does provide some context." *Espinoza Rodriguez v. Canyon County*, 2019 WL 3307834, at *1 (D. Id. July 23, 2019). When questions arise as to a plaintiff's pauper status, courts may make a further factual inquiry. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

The application in this case identifies income of $4,972 per month, Docket No. 1 at 2, which is orders of magnitude higher than the federal poverty level for a family of two, *see* https://www.healthcare.gov/glossary/federal-poverty-level-fpl/ (last visited June 8, 2026). That monthly income is also well above the amounts that have led to denial of *in forma pauperis* status in other cases. *See, e.g.*, *Brunson v. Soc. Sec.*, 2019 WL 6709544, at *1 (D. Nev. Oct. 31, 2019) (denying *in forma pauperis* status based on monthly income of $1,397), *adopted*, 2019 WL 6700193 (D. Nev. Dec. 9, 2019). Moreover, while the application identifies substantial monthly expenses, some of the information provided seems questionable. For example, Plaintiff attests to monthly car payments of $580 for a 2014 model without explanation as to why payments are being made at this juncture. It also appears that some of the other figures appear excessive, including $580 for utilities.[1] At bottom, a financial picture has not been painted that a family of two with an annual income approaching $60,000 cannot afford to pay the $405 filing fee.

Accordingly, Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice. No later than June 22, 2026, Plaintiff must either pay the filing fee or file a renew application to proceed *in forma pauperis*. If such application is filed, it must be supported by points and authorities, as well as meaningfully developed argument, explaining how Plaintiff qualifies to proceed as a pauper.

IT IS SO ORDERED.

Dated: June 8, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The application also lists an unidentified "loan" with a monthly payment of $230. *See id.* at 4.